UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MITCHELL L. WALDROOP, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| v. ) | No.: 3:14-cv-236-TAV-HBG |
| ) | |
| AVRIL CHAPMAN, Warden, ) | |
| ) | |
| *Respondent*. ) | |

**MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Mitchell L. Waldroop ("petitioner"), in which he challenges his convictions for two counts of especially aggravated kidnapping. The respondent moves to dismiss the petition as time-barred. For the following reasons, the Court finds that the petition is barred by the one-year statute of limitation. Accordingly, the motion to dismiss [Doc. 8] will be **GRANTED**, the petition for the writ of habeas corpus will be **DENIED** as time-barred, and this action will be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitation for state prisoners to file a habeas corpus petition in federal court; the limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).

Petitioner's convictions and sentence were affirmed on direct appeal. *State v. Waldroop*, No. E1999-01187-CCA-R3-CD, 2000 WL 1052112 (Tenn. Crim. App. July 26, 2000), *perm. app. denied, id*. (Tenn. March 12, 2001). Petitioner then filed a petition for post-conviction relief which was denied, and the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. *Waldroop v. State*, No. E2006-02368-CCA-R3-PC, 2008 WL 4489456 (Tenn. Crim. App. Oct. 2, 2008).

The record does not reflect the amount of time that elapsed between petitioner's judgment of conviction becoming final and the filing of the post-conviction petition. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation). In any event, because petitioner did not seek permission to appeal the denial of post-conviction relief to the Tennessee Supreme Court, his conviction became final by December 1, 2008, which was sixty days after the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. *See* Tenn. R. App. P. 11(b) (petitioner has sixty days within which to file an application for permission to appeal to the Tennessee Supreme Court). Thus, at best, petitioner had until December 2, 2009, to seek federal habeas corpus relief. The habeas corpus petition was not filed, however, until June 2, 2014.

In support of his habeas corpus petition, petitioner claims he is entitled to relief pursuant to the recent Supreme Court decisions in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). In *Martinez*, the Court decided that in order to "protect prisoners with a potentially legitimate claim of

2

ineffective assistance of trial counsel, it is necessary to modify the unqualified statement in *Coleman [v. Thompson*, 501 U.S. 722 (1991)] that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default." Id. at 1315. *Martinez* cannot afford petitioner any relief because the decision "explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period." *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014).

*McQuiggin* likewise does not afford petitioner any relief. In *McQuiggin*, the Supreme Court held that "actual innocence, if proved, serves as a gateway" through which a petitioner may obtain review of constitutional claims even after expiration of the statute of limitations. 133 S. Ct. at 1928. In other words, a "convincing actual-innocence claim" can constitute an exception to the state of limitations if a miscarriage of justice would otherwise result. *Id*. at 1931-33. The Supreme Court specifically "underscore[d]" the fact that "[t]he miscarriage of justice exception ... applies to a severely confined category: cases in which new evidence show 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id*. at 1933 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Although petitioner made a passing reference to *McQuiggin* in his petition along with the claim that "Actual Innocence now gets me through the requirements of the AEDPA," [Doc. 3, Petition, p. 16], he did not provide the Court with any evidence of his actual innocence. In his response to the motion to dismiss, as evidence of his actual

3

innocence, petitioner refers to allegations in his post-conviction petition that the victim testified falsely at trial. [Doc. 10, Response, pp. 7-9]. These conclusory allegations, without more, cannot establish petitioner's actual innocence.

Petitioner also claims in his response that he is entitled to equitable tolling of the statute of limitation. [*Id*. at 9-10]. The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling).

"The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted).

Petitioner alleges that he is entitled to equitable tolling because of the untimely relocation of the inmate legal helper who was in possession of his case documents. In support of this allegation, he refers to the affidavit of Raymond Cox, which document was executed February 17, 2002, and made a part of his state post-conviction proceedings. [Doc. 3, Exhibit 3, pp. 1-2, Affidavit of Raymond Cox]. In that affidavit, Mr. Cox testifies that he drafted the state petition for post-conviction relief for petitioner. [*Id.* at 1]. The Court fails to see, however, how the fact that Mr. Cox assisted petitioner in 2002 can excuse petitioner's failure to file his habeas corpus petition for more than five years after the conclusion of his state proceedings in 2008. The Court therefore finds that petitioner has not diligently pursued his rights nor has he shown an extraordinary circumstance that kept him from filing his habeas petition in a timely manner.

Petitioner's petition for the writ of habeas corpus was not timely filed and he is not entitled to equitable tolling of the statute of limitation. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'"). Accordingly, the motion to dismiss will be **GRANTED**, the petition for the writ of habeas corpus will be **DENIED** as time-barred, and this action will be **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the

5

Federal Rules of Appellate Procedure.  The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

      **AN APPROPRIATE ORDER WILL ENTER.**

                                s/ Thomas A. Varlan
                                CHIEF UNITED STATES DISTRICT JUDGE